UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTONIO L. BUCKMAN,

                      Petitioner,

v.                                        Case No. 3:10-cv-486-J-34JRK

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

                      Respondents.
_____

**ORDER**

**I. Status**

Petitioner Antonio L. Buckman, initiated this action by filing a <u>pro se</u> Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on June 1, 2010, pursuant to the mailbox rule.[1] In the Petition, Buckman challenges a 2003 state court (Duval County, Florida) judgment of conviction for armed robbery, aggravated battery, and possession of cocaine. Respondents have submitted a memorandum in opposition to the Petition. <u>See</u> Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas

---

[1] While incarcerated at Florida State Prison, <u>see</u> Petition at 1, Buckman filed the Petition (Doc. #1) in this Court on June 4, 2010; however, giving Buckman the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Buckman handed it to the jail authorities for mailing to this Court (June 1, 2010). <u>See</u> Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Buckman the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Corpus (Response) (Doc. #11) with exhibits (Resp. Ex.). On December 21, 2010, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #7), admonishing Buckman regarding his obligations and giving Buckman a time frame in which to submit a reply. Buckman submitted a brief in reply on June 29, 2011. See Petitioner's Reply Motion to Respondents' Motion to Dismiss Petitioner's Habeas Petition as Untimely (Reply) (Doc. #15) with Petitioner's Exhibit A (Pet. Ex. A). In accordance with the Court's Order (Doc. #17), Respondents filed a Supplemental Response to Petition for Writ of Habeas Corpus (Supplemental Response) (Doc. #19) on June 30, 2013. As of the date of this Order, Buckman has not filed an Amended Reply.[2] This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

---

[2] The Court ordered Buckman, on or before July 19, 2013, to file an Amended Reply or notify the Court that he does not intend to file an Amended Reply. See Order (Doc. #17), filed June 3, 2013, at 2. Even taking into account the mailbox rule, Buckman has had sufficient time to file an Amended Reply. Accordingly, the Court relies upon Buckman's assertions in his Reply (Doc. #15), in which he addresses the one-year limitations period.

2

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Like the vast majority of federal habeas petitions, § 2244(d)(1)(A) establishes the limitations period for all claims in this case. Buckman neither asserts nor is there a basis for him to assert that the one-year limitations period begins based on § 2244(d)(1)(B), (C), or (D). Given the record, including that this is not "a multiple trigger date case," the Eleventh

Circuit's recent decision in Zack v. Tucker, 704 F.3d 917 (11th Cir. 2013),[3] has no impact on Buckman's case.

Respondents contend that Buckman has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On August 30, 2002, the State of Florida charged Buckman with armed robbery, possession of cocaine, aggravated battery and possession of a firearm by a juvenile delinquent found to have committed a felony act. Resp. Ex. B at 17-18, Amended Information. The trial court severed the charge relating to the possession of a firearm, see id. at 38, 39, and Buckman proceeded to trial on the remaining charges, see Resp. Exs. C; D, Transcripts of the Jury Trial (Tr.). After trial, a jury

---

[3] In Zack, the petitioner attempted to resurrect eight untimely claims by raising one meritless claim of mental retardation based on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Zack argued that his habeas petition was timely, under § 2244(d)(1)(C), because he filed it within one year after the United States Supreme Court decided Atkins v. Virginia, 536 U.S. 304 (2002) (holding that the execution of a mentally retarded person is cruel and unusual punishment in violation of the Eighth Amendment). The Eleventh Circuit held that AEDPA's statute of limitations "applies on a claim-by-claim basis in a multiple trigger date case." Zack, 704 F.3d at 926. ("We see no reason why a habeas petitioner who allows his judgment to become final should be permitted, by the happenstance of an intervening decision or the discovery of new evidence, to reopen claims that he could have raised earlier but did not."). Additionally, the Court overruled Walker v. Crosby, 341 F.3d 1240 (11th Cir. 2003), to the extent that it held that § 2244(d)(1) provided a single statute of limitations for the petition as a whole and that individual claims in the petition could not be reviewed separately for timeliness. Id.

4

found Buckman guilty, as charged in the Amended Information. Resp. Ex. B at 123-25, Verdicts; Tr. at 469-70. On June 23, 2003, the trial court sentenced Buckman, as a habitual violent felony offender, to a term of imprisonment of thirty years with a twenty-year minimum mandatory sentence (count one); a term of imprisonment of five years (count two), such term to run concurrently to the sentences imposed for counts one and three; and a term of imprisonment of fifteen years with a ten-year minimum mandatory sentence (count three), such term to run concurrently to the sentences imposed for counts one and two. Resp. Ex. B at 140-47, 232-34. The State dismissed count four. Id. at 235.

On appeal, Buckman, through counsel, filed an Initial Brief, arguing that the trial court erred by allowing Officer Furman to testify that she had been previously shot (ground one), and that the prosecutor made improper and prejudicial remarks during closing argument (ground two). Resp. Ex. E. The State filed an Answer Brief, see Resp. Ex. F, and Buckman filed a Reply Brief, see Resp. Ex. G. On March 24, 2004, the appellate court affirmed Buckman's conviction and sentence per curiam without issuing a written opinion, see Buckman v. State, 871 So.2d 206 (Fla. 1st DCA 2004); Resp. Ex. H, and the mandate issued on April 12, 2004.[4] Buckman did not seek review in the United States Supreme Court.

---

[4] See Antonio Buckman vs. State of Florida, Case No. 1D03-3074, website for the First District Court of Appeal (http://www.1dca.org), online docket.

Thus, Buckman's conviction became final on June 22, 2004 (90 days from March 24, 2004). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Buckman's conviction was after April 24, 1996, the effective date of the AEDPA, Buckman had one year from the date his conviction became final to file the federal petition (June 22, 2005). His Petition, filed on June 1, 2010, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

Buckman's one-year period of limitations started running on June 23, 2004, and ran for **fifty-four (54) days** until Buckman filed a pro se motion for post conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 (Rule 3.850 motion) on August 16, 2004.[5] See Pet. Ex. A. In his request for post conviction relief, Buckman asserted that the trial court illegally enhanced his sentence (ground one); the police failed to read him his Miranda[6] rights (ground three); and counsel was ineffective because she:

---

[5] Respondents acknowledge that Buckman filed his initial Rule 3.850 motion on August 16, 2004. See Supplemental Response at 3.

[6] Miranda v. Arizona, 384 U.S. 436 (1966).

6

failed to object to inadmissible evidence (ground two); failed to present an alibi witness at trial (ground four); coerced Buckman not to testify (ground five); and manipulated him with unfulfilled promises (ground six).  Id.  Buckman made similar assertions in a December 18, 2005 Rule 3.850 motion.  Resp. Ex. I at 1-34.  The court denied his requests for post conviction relief on November 20, 2008.  Id. at 179-81.  The appellate court dismissed Buckman's appeal on January 23, 2009, see Resp. Ex. J, and also denied his motions to reinstate the case, see Resp. Ex. K.

Buckman also filed an amended Rule 3.850 motion on September 11, 2008.  Resp. Ex. I at 39-106.  In that request for post conviction relief, he asserted that counsel was ineffective because she: persuaded him to not testify (ground one); manipulated him not to call an alibi witness (ground two); misled him to plead not guilty (ground three); made unfulfilled promises (ground four); misled him to reject the State's plea offer (ground five); and failed to object to the admissibility of the State's evidence on chain of custody grounds (ground seven). Buckman also asserted that the trial court illegally enhanced his sentence (ground six).  The court denied the amended request for post conviction relief on February 4, 2009.  Id. at 210-13.  On May 28, 2009, the appellate court affirmed the trial court's decision per curiam, see Buckman v. State, 10 So.3d 634 (Fla. 1st DCA 2009); Resp. Ex. M, and the mandate issued on June 23, 2009, see Resp. Ex. N.  On August 4,

7

2009, the court also denied Buckman's motion for rehearing. Resp. Exs. L; O.[7]

Thus, the one-year limitations period began again on June 24, 2009, and ran for **three hundred and forty-two (342) days** until Buckman filed his Petition in this Court.[8] Therefore, the Petition, filed June 1, 2010, is untimely filed and due to be dismissed unless Buckman can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation omitted). The burden

---

[7] The appellate court's issuance of mandate ceased the pendency of Buckman's Rule 3.850 motion, and Buckman's filing of a motion for rehearing did not toll the one-year limitations period. See Supplemental Response at 8-11.

[8] Respondents acknowledge that Buckman filed other motions during the interim, but none tolled the limitations period. See Response at 5 n.2.

is on Buckman to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Buckman simply has not met the burden of showing that equitable tolling is warranted.

Buckman has not presented any reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Buckman seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Buckman "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S.

322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' requests to dismiss this case with prejudice (Docs. #11, #19) are **GRANTED.**

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Buckman appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not

warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    **DONE AND ENTERED** at Jacksonville, Florida this 30th day of July, 2013.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 7/24
c:
Antonio L. Buckman
Ass't Attorney General (Heller)